## Kerr's Estate

*George Sterner*, for exceptants.

*Joseph L. Fox*, contra.

Bok, J., May 22, 1936.—The auditing judge has so concisely covered the points raised by the exceptions that there is little for us to add.

Certainly the amount of counsel fee is within his discretion, and no abuse of it appears. The same is true of the amount to be allowed for the tombstone, particularly since the money has not been spent. The son cannot claim for his loss of wages sustained while caring for his mother: in view of the family relationship, the services were presumed to be gratuitous and no contract was proved: Dunn v. Dunn, 118 Pa. Superior Ct. 533. As to the nurse's claim, the auditing judge found it unsupported by the testimony, and we agree. Counsel for the exceptants does not argue the small surcharge for the difference between the actual funeral expenses and the credit asked. His reference in the brief to the $20 premium on the bond is meaningless, nor did he argue the point before the court en banc. However, the Fiduciaries Act of June 7, 1917, P. L. 447, does not permit a credit for a premium paid to an individual surety.

This leaves the only important point in the case, namely, Charles L. Kerr's claim for the $500 exemption. We have no doubt that as a son of decedent he is a proper party to claim it. The auditing judge, however, found him guilty of laches in presenting his claim, and we concur in that conclusion: Cram's Estate, 114 Pa. Superior Ct. 463, clearly governs and establishes the rule that such a claim must be filed within a year following the decedent's death, unless there are exculpatory circumstances. In the Cram case the excuse was that the widow "thought it

would be settled out of court." Practically the same reason is given here: the son thought there would be no contest. Neither do we feel that he should be relieved of prompt action simply because the administrator could not be persuaded to file an account for more than a year and a half.

The exceptions are dismissed and the adjudication is confirmed absolutely.